PITCHER, Judge.
| iPIaintiff, Cheryl Noveh, appeals from the judgment of the hearing officer, denying her motion for statutory penalties from Broadway, Inc. (Broadway), pursuant to LSA-R.S. 23:1201F. We affirm.

FACTS

Plaintiff was injured in the course and scope of her employment as the program director at K Bar B, a facility owned by Broadway, Inc. Plaintiff subsequently filed a claim for supplemental earnings benefits pursuant to LSA-R.S. 23:1221(3). A trial was held on September 16, 1993. On December 16, 1993, the hearing officer rendered judgment, awarding plaintiff supplemental earnings benefits in the amount of $153.33 per week, from January 23, 1993 and continuing weekly. Notice of this judgment was sent to all parties on December 17, 1993.
On January 20, 1994, counsel for plaintiff sent a letter to opposing counsel, which stated as follows:
Since you have not suspensively appealed the judgment of the above referenced matter, I calculate the amount due pursuant to the specific terms of the judgment to be as follows ...
The letter also informed opposing counsel that plaintiff disagreed with (1) the manner in which the SEB figure was calculated; (2) the failure to award legal interest from the date of each installment; and (3) the failure to award penalties and attorney’s fees. Enclosed with the letter was a copy of the motion for appeal. Plaintiff filed a devolutive appeal with this Court on January 21, 1994 [1].
On March 1,1994, counsel for plaintiff sent a copy of the January 20, 1994 letter to Highlands Insurance Company, Broadway’s worker’s compensation insurer. On or about March 3, 1994, plaintiff filed a motion for statutory penalties and attorney’s fees. On March 10, 1994, plaintiff was issued a check from Highlands Insurance Company.
After a hearing held on May 4, 1994, the hearing officer ^denied plaintiffs motion for statutory penalties and attorney’s fees, finding that Broadway had timely paid the judgment under LSA-R.S. 23:1201F.
Plaintiff now appeals, alleging the following assignments of error for our review:
1.
The Hearing Officer erred in denying the plaintiff’s motion for statutory penalties in accordance with LSA-R.S. 23:1201(F), which requires an employer or its insurer to pay amounts owed within thirty days of the date that judgment becomes due, because the defendant did not pay the plaintiff’s supplemental earnings benefits until eighty-four (84) days after judgment was rendered against it.
2.
The Hearing Officer erred in denying the plaintiffs motion for attorney fees in accordance with LSA-R.S. 23:1201.2 because the defendant was clearly arbitrary and capricious in not paying the benefits within sixty days of the written notice of judgment.

ASSIGNMENT OF ERROR NUMBER ONE

Plaintiff contends that the hearing officer erred in denying her motion for statutory penalties pursuant to LSA-R.S. 23:1201F. Plaintiff contends that this provision requires that benefits/be paid within thirty days after the delays for taking a suspensive appeal have elapsed.[2] Under this interpretation, *689 plaintiff calculates that the judgment became due on January 24, 1994 (the end of the delays for the taking of a suspensive appeal); therefore, Broadway had until February 24, 1994 to remit payment. Thus, plaintiff argues that Broadway is subject to the statutory ^penalties of LSA-R.S. 23:1201F because payment was not mailed until March 10, 1994.
LSA-R.S. 23:1201F provides as follows:
F. If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for worker’s compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
We find that the term “nonappealable”, as used in LSA-R.S. 23:1201F, means that the judgment can no longer be appealed, i.e. all of the delays for the taking of an appeal, suspensive or devolutive, have run. Because Broadway paid the compensation benefits owed within thirty days after the delays for the taking of a devolutive appeal had run, the hearing officer correctly determined that Broadway did not owe any statutory penalties. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO

Because of our resolution of the issues presented in Assignment of Error Number One, we find that the hearing officer was correct in denying attorney’s fees to plaintiff pursuant to LSA-R.S. 23:1201.2. Thus, this assignment of error is without.

CONCLUSION

For the foregoing reasons, the judgment of the hearing officer is affirmed. Costs of this appeal are to be assessed to plaintiff, Cheryl Noveh.
AFFIRMED.

. In an unpublished opinion dated April 7, 1995, this Court amended the hearing officer’s decision to award legal interest on past due compensation benefits. In all other respects, the judgment was affirmed. (Docket No. 94 CA 0925).

. LSA-C.C.P. art.'2123 sets forth the delays for taking a suspensive appeal and provides, in pertinent part, as follows:
A. Except as otherwise provided by law, an appeal that suspends the effect or the execu *689 tion of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3)The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
[[Image here]]