685 So.2d 531 (1996)
Sarah GALLIEN, Plaintiff-Appellee,
v.
WINN-DIXIE, Defendant-Appellant.
No. 96-832.
Court of Appeal of Louisiana, Third Circuit.
December 11, 1996.
*532 Michael Keith Leger, Opelousas, for Sarah Gallien.
David John Calogero, Lafayette, for Winn-Dixie.
Before THIBODEAUX, PETERS and GREMILLION, JJ.
GREMILLION, Judge.
This is a workers' compensation case in which the hearing officer originally awarded the plaintiff, Sarah Gallien, medical treatment, including an independent medical examination, as a result of a work related injury. The hearing officer also awarded Gallien penalties and attorney's fees as a result of the defendant's, Winn-Dixie Louisiana, Inc., arbitrary and capricious handling of her claim. Winn-Dixie suspensively appealed this matter and then dismissed its appeal before the record was lodged with this court. Gallien then moved to enforce the judgment. The hearing officer granted the motion and awarded additional penalties and attorney's fees. Winn-Dixie suspensively appeals from this decision.

FACTS
Gallien, who was thirty-two years old at the time of the accident, was employed by Winn-Dixie, where she worked in the deli department, usually on the night shift.[1] On March 3, 1993, she injured her lower back lifting a large trash bag out of its container. She finished her shift and reported the incident to an assistant manager, who filled out a report on her injury.
Gallien sought medical treatment from her family physician, Dr. Richard Lafleur, who determined that she had suffered an acute lumbosacral strain. X-rays taken of Gallien's lower back on March 19, 1993, revealed that she suffered from bilateral spondylolysis of the para inarticularis of the L5, with first degree spondylolisthesis. On June 23, 1993, *533 Dr. Lafleur stated that Gallien should avoid jobs which required her to stand for long periods of time, with repeated bending, lifting, and straining. Gallien terminated her employment with Winn-Dixie, after being informed by management that there were no light duty positions available at the store. Gallien was treated by Dr. Lafleur over a total of seven visits. On her last visit on February 9, 1994, Dr. Lafleur noted that he was scheduling Gallien for physical therapy so she could attend back school and receive mobilization and functional training. This request was denied.
On December 21, 1994, Gallien was examined by Dr. J. Frazer Gaar at the request of Crawford & Company, the workers' compensation adjustor for Winn-Dixie. In his report to Dana Welch, the adjustor then handling Gallien's claim, Dr. Gaar opined that Gallien had suffered a soft tissue strain of her lower back on March 3, 1994, however, he felt that she had reached a medical plateau with regards to that incident. Dr. Gaar did not see the need for further diagnostic studies or physical therapy to be performed on Gallien, since he felt her injury had resolved. He further felt that Gallien was fit to work in the deli, except that he would restrict her from performing heavy lifting, bending, and straining. Dr. Gaar finished by stating that Gallien suffered from a chronic back condition, which preexisted the March 3, 1993 incident, however, it was his opinion that her work related accident was not the cause of her present problems. On the basis of this report, Crawford refused to authorize any further medical treatment for Gallien. It notified Gallien of this decision by letter dated February 10, 1994.
After obtaining counsel, Gallien requested that she be allowed to see an orthopedic surgeon of her own choosing and an explanation as to why Dr. Lafleur's request for physical therapy was denied. Consequently, Gallien was examined by Dr. John Cobb on October 17, 1994. His impression was that Gallien suffered from chronic post-traumatic lumbar pain syndrome and myofascial pain syndrome. He recommended that a lumbar MRI be performed on Gallien in order to rule out a disc related condition, and that she return following testing. Dr. Cobb stated that she could continue working in a light to sedentary position.
A copy of Dr. Cobb's report was sent to Crawford, who in turn forwarded a copy to Dr. Gaar asking him to address Dr. Cobb's recommendation of an MRI. Gallien was reexamined by Dr. Gaar on December 5, 1994. In his report to Crawford, Dr. Gaar, stated that Gallien had a mechanical dysfunction of her back, as a result of the spondylolisthesis, and that she had a previous history of problems since nineteen years of age. Dr. Gaar stated that Gallien could continue in her light duty position, with restrictions on heavy lifting, twisting, and straining. He felt that she was at maximum medical recovery and, although he did not specifically address the issue of the MRI, he stated that nothing else was indicated. Based on this report, Crawford refused to approve the MRI.
Gallien filed a disputed claim for compensation on December 5, 1994, seeking compensation benefits and authorization for medical treatment. Winn-Dixie filed a peremptory exception of prescription, arguing that Gallien's claim for compensation had prescribed since she filed her claim more than one year after her alleged accident on March 3, 1993. This exception was sustained and the matter proceeded to a hearing solely on the issue of medical treatment.
At the conclusion of the hearing, the hearing officer issued oral reasons, awarding Gallien further medical treatment, including an independent medical examination to determine the necessity of the MRI and physical therapy, and statutory penalties and attorney's fees. A proposed judgment was submitted by counsel for Gallien. Counsel for Winn-Dixie opposed the judgment because it indicated that medical treatment was ordered and because it stated that legal interest on the award was to run from date of judicial demand instead of from the date of judgment. The hearing officer signed the submitted judgment on August 28, 1995.
Gallien, through counsel, sent a letter to Winn-Dixie asking that it advise Dr. Lafleur's office that she was approved for further medical treatment. Winn-Dixie responded to the letter on September 20, 1995, *534 denying her request for medical treatment. Its basis for denial was that the hearing officer had not yet held that Gallien's request for medical treatment was work-related.
Winn-Dixie suspensively appealed from the hearing officer's decision on September 25, 1995. Gallien answered this appeal, seeking an increase in penalties and attorney's fees and additional attorney's fees on appeal. On November 3, 1995, Crawford sent a check to Gallien in the amount of $2,540.20, to cover the award for penalties and attorney's fees. On November 6, 1995, Winn-Dixie wrote counsel for Gallien informing him that it was dismissing its appeal. Winn-Dixie then filed the motion to remand the unlodged appeal from this court on the same date. Counsel for Gallien returned the check to Crawford on November 7, 1995 because he disagreed with the amount of legal interest included. On November 8, 1995, Winn-Dixie's motion to unlodge the appeal was granted. Six days later, Winn-Dixie sent a check for $1.80 to Gallien to cover the difference in legal interest, returned the check for $2,540.20, and offered an additional $100.00 in settlement of claims for attorney's fees on appeal. Gallien filed a motion to enforce the judgment on November 27, 1995.
The hearing officer conducted a status conference on December 19, 1995. In her report, she stated that although there was still confusion over her decision, she had made it clear in her oral reasons that Gallien was entitled to further medical treatment. The report further stated that an independent medical examination was ordered on September 19, 1995. In a letter to the hearing officer following this conference, Winn-Dixie informed her that it intended to maintain its appeal, and that the Office of Workers' Compensation should not file Winn-Dixie's motion to dismiss.[2]
On December 27, 1995, Gallien returned the two checks to Winn-Dixie. On that same date, Crawford forwarded to Gallien a check for legal interest in the amount of $157.69, and sent notice to Dr. Lafleur that Gallien was approved for one office visit. Further visits would require additional approval. In response, Gallien, through counsel, wrote Jane Franz, of Crawford, inquiring as to how she had arrived at the amount of legal interest and about Winn-Dixie's intentions concerning the reurging of its appeal.
On January 22, 1996, a hearing was held on Gallien's Motion to Enforce Judgment. Winn-Dixie argued that the motion was premature because the hearing officer had never signed its motion to dismiss the appeal, thus, the August 28, 1995 decision was not yet final. Following argument on this issue, the hearing officer signed the motion to dismiss, although she held it was unnecessary for her to do so because the decision became final after Winn-Dixie abandoned its appeal and all time delays had run. On the motion to enforce the judgment, the hearing officer held that she had been very clear in her oral reasons that Gallien was to receive further medical treatment, along with the independent medical examination. She further held that Winn-Dixie was untimely in paying the judgment and awarded Gallien the maximum penalty allowed by law, $3,000.00, and attorney's fees of $3,000.00. A decision was rendered on January 25, 1996, from which Winn-Dixie has suspensively appealed.

ISSUES
On appeal, Winn-Dixie raises three assignments of error:
I. The administrative hearing officer committed error in awarding penalties and attorney's fees on the motion to enforce judgment.
II. The administrative hearing officer committed error in finding that the defendant was arbitrary and capricious in the handling of this claim since the judgment of August 28, 1995.
III. In the alternative, the administrative hearing officer miscalculated the penalty under R.S. 23:1201(F).
*535 Gallien answers the appeal, seeking additional attorney's fees and damages for frivolous appeal.

ASSIGNMENT OF ERROR NUMBER ONE
Winn-Dixie's first assignment of error alleges that the hearing officer erred in awarding Gallien penalties and attorney's fees on the motion to enforce the judgment. Winn-Dixie argues that this was error because the August 28, 1995 judgment did not become final and non-appealable until the motion to dismiss was signed by the hearing officer on January 22, 1996. Accordingly, it argues that penalties did not begin to accrue under the judgment until thirty days later on February 21, 1996. We disagree for the following reasons.
The hearing officer's decision was rendered on August 28, 1995. Winn-Dixie was granted a suspensive appeal on September 25, 1995, within the thirty day delay period. However, on November 6, 1995, Winn-Dixie filed a motion with this court to dismiss the unlodged appeal, which was granted on November 8, 1995. At that moment, the decision of the hearing officer became final.
We agree that it was unnecessary for the hearing officer to sign the motion to dismiss, since no appeal existed once this court dismissed it. Although Winn-Dixie later claimed that it intended to maintain its appeal, it could not since even the time delays for filing a devolutive appeal had run. La.Code Civ.P. art.2087. Once Winn-Dixie voluntarily withdrew its appeal, it could no longer reassert its original appeal. Mariani v. Delta Beverage Co., 625 So.2d 1088 (La. App. 4 Cir.1993), writ denied, 93-3066 (La.2/4/94); 633 So.2d 582, Polk v. State Through D.O.T.D., 517 So.2d 1178 (La.App. 3 Cir.1987), writ granted, 521 So.2d 1176 (La. 1988); modified on other grounds, 538 So.2d 239 (La.1989). Thus, the hearing officer's decision became final on the date this court granted Winn-Dixie's motion to dismiss its appeal.
Finding the decision of August 28, 1995 final, we must next determine whether the hearing officer erred in awarding penalties and attorney's fees as a result of that decision. At the January 22, 1996 hearing on the motion to enforce the judgment, the hearing officer awarded statutory penalties of $3,000, and attorney's fees of $3,000, due to Winn-Dixie's arbitrary and capricious handling of Gallien's claim. Winn-Dixie argues that this was error because thirty days had not passed from the date the motion to dismiss was signed by the hearing officer on January 22, 1996. However, for the reasons stated above, we find no merit with this argument.
Although Gallien filed her motion to enforce the judgment on November 27, 1995, the hearing on this matter did not take place until January 22, 1996. This was more than thirty days after the hearing officer's decision became final. During that time, the status conference was held with the hearing officer. Her report of December 19, 1995 notes that she made it clear in her oral reasons that Gallien was entitled to medical treatment from Dr. Lafleur. Following this conference, Gallien still did not receive authorization until December 27, 1995, fifty days after the decision became final.
La.R.S. 23:1201(F), as it read in 1993, provides:
If any compensation or medical benefits payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty-four percent thereof or one hundred dollars per day, for each calendar day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such compensation, unless the order is appealed as provided by law or unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium rates for worker's compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate.
In Noveh v. Broadway, Inc., 94-2306, p. 3 (La.App. 1 Cir. 6/23/95); 657 So.2d 687, 689, writ denied, 95-1890 (La.11/13/95); 662 So.2d 468, the court, in interpreting La.R.S. *536 23:1201(F), found that the term "nonappealable" meant that the judgment could "no longer be appealed, i.e. all of the delays for the taking of an appeal, suspensive or devolutive, have run." In the case sub judice, the hearing officer's decision became final on November 8, 1995. The thirty day delay period provided in La.R.S. 23:1201(F) ended on December 7, 1995. Since Winn-Dixie failed to comply within the delay, we find that the hearing officer's award of penalties and attorney's fees reasonable.

ASSIGNMENT OF ERROR NUMBER TWO
In its second assignment of error, Winn-Dixie alleges that the hearing officer erred in awarding Gallien penalties and attorney's fees as a result of its arbitrary and capricious handling of her claim. Winn-Dixie asserts that "[w]hatever transpired between August 28, 1995 and the date of the hearing, January 22, 1996, is of no moment to this Court."
Since the hearing officer rendered her original decision, Winn-Dixie has repeated the word "confusion" as though it was a mantra which would somehow rescue it from the folly of its actions. It now contends that it was the hearing officer who was confused with the terms of her prior decision. Although it admits that Gallien was awarded medical treatment, which included an independent medical evaluation, Winn-Dixie asserts that it should not be cast with penalties because the hearing officer did not specify that Dr. Lafleur was to provide the treatment. We find this argument unpersuasive.
In her oral reasons, the hearing officer specifically stated that Gallien was entitled to further medical treatment and "that it will have to be provided." This was in addition to the independent medical evaluation. The fact that Dr. Lafleur's name was not specifically mentioned by the hearing officer is unimportant. She ordered further medical treatment, and that medical treatment was denied by Winn-Dixie even after the hearing officer again made that clear at the status conference. We agree with the hearing officer that Winn-Dixie's questions concerning the award were unfounded, especially since it never attempted to obtain a transcript of her oral reasons.
Winn-Dixie further alleges that penalties do not apply in this case because La.R.S. 23:1201(F) does not contain language regarding prior guaranty of payment; that it only concerns past delinquencies. It cites as authority for this argument Hayes v. Louisiana Risk Management, 93-1144 (La.App. 3 Cir. 4/6/94); 635 So.2d 591, writ denied, 94-1020 (La.6/17/94); 638 So.2d 1097. However, Hayes, citing Landry v. Central Industries, Inc., 592 So.2d 478 (La.App. 3 Cir.), writ denied, 593 So.2d 381 (La.1992), provides that under certain circumstances a defendant's refusal to guarantee further treatment may subject it to the imposition of penalties and attorney's fees.
In this case, Gallien attempted to schedule an appointment with Dr. Lafleur after August 28, 1994, but was told she needed prior written authorization from Crawford. She contacted Winn-Dixie seeking this authorization. Instead of approving the treatment, Winn-Dixie claimed there was still some confusion about the hearing officer's award and denied the authorization. Thus, Gallien was precluded from receiving medical treatment, and, as a result, from incurring medical expenses. In this instance, there were no past due delinquencies for medical treatment because Gallien was never allowed to incur them. We find no merit in this argument. Both assignments of error are dismissed and the hearing officer's award is affirmed.

ASSIGNMENT OF ERROR NUMBER THREE
In its final assignment of error, Winn-Dixie alleges that the hearing officer miscalculated the penalty assessed against it under La.R.S. 23:1201(F). It argues that at the most it should have been cast with $1,900.00 for the nineteen days between December 7, 1995 (the thirtieth day after the decision became final) and December 27, 1995 (the date Dr. Lafleur received authorization from Crawford). Winn-Dixie claims that it paid the amount awarded under the hearing officer's decision on November 3, 1995, thus, the highest amount the hearing officer could award was $1,900.00.
In her oral reasons, the hearing officer held that Winn-Dixie failed to timely *537 pay the prior award. "[T]he [hearing officer's] decision on penalties and attorney's fees is essentially a question of fact and should not be reversed unless clearly wrong." Landry, 592 So.2d at 482. We do not find that the hearing officer's award of the maximum penalty provided by La.R.S. 23:1201(F) was clearly wrong. Although Winn-Dixie had paid the money portion of the decision, this check was refused by Gallien because it contained the wrong amount of legal interest. The authorization for medical treatment was not provided until December 27, 1995, twenty days after the thirty day delay period had ended. The hearing on the motion to enforce the judgment was heard on January 22, 1996, forty-six days after the end of the delay period. The correct money award had not been paid by that date. Thus, we cannot say that the hearing officer erred in awarding Gallien $3,000.00 in statutory penalties. This assignment of error is without merit.

ANSWER TO APPEAL
Gallien answered Winn-Dixie's appeal by asking that she be awarded additional attorney's fees on the motion to enforce the judgment and for work done on this appeal. She further argues that she should be awarded damages as a result of Winn-Dixie filing a frivolous appeal. However, in her brief on appeal, Gallien only asked that we award her additional attorney's fees on appeal and damages for frivolous appeal. We will address these two requests.
In a workers' compensation case, a claimant is entitled to increased attorney's fees to reflect additional time and effort incurred in defending the employer/carrier's unsuccessful appeal. Hickman v. Allstate Timber Co., 94-1275 (La.App. 3 Cir. 4/5/95); 653 So.2d 154, writ denied, 95-1133 (La.6/23/95); 656 So.2d 1017. After reviewing the record of the work done on appeal by counsel for Gallien, we find that an additional award of $1,500.00 for attorney's fees is reasonable.
The Louisiana Code of Civil Procedure art. 2164 provides:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal.... If an appeal was taken solely for the purpose of delay or if it is evident that counsel for the appellant does not seriously advocate the position taken, then damages for frivolous appeal are appropriate. Hampton v. Greenfield, 618 So.2d 859 (La.1993), Doe v. Roman Catholic Church, 94-1476 (La.App. 3 Cir. 5/3/95); 656 So.2d 5, writ denied, 95-2076 (La.11/13/95); 662 So.2d 478. However, appeals are always favored and if there exists the slightest justification for the appeal, then damages are precluded even if the appellant does not prevail. Id.

In this instance, we do not feel that damages for frivolous appeal are appropriate. It is obvious that Winn-Dixie seriously believes that the positions it has taken are correct. Thus, Gallien's request for damages is denied.

CONCLUSION
For the foregoing reasons, the decision of the hearing officer in favor of the plaintiffappellee, Sarah Gallien, is amended to include an additional award of $1,500.00 for attorney's fees on appeal. The decision is affirmed in all other respects. Costs of the appeal are assessed to the defendant-appellant, Winn-Dixie Louisiana, Inc.
AFFIRMED AS AMENDED.
NOTES
[1] She was also employed by Acadian Home Health, where she performed secretarial duties during the day.
[2] The motion to dismiss filed by Winn-Dixie had been misplaced by the Office of Workers' Compensation.