# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT


## 08-887


ANTHONY STEVISON

VERSUS

CHARLES ST. DIZIER, LTD. ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-5665
HONORABLE A.J. PLANCHARD, PRESIDING
**********

## SYLVIA R. COOKS
## JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders and Jimmie C. Peters, Judges.

**AFFIRMED.**

Harry K. Burdette
The Glenn Armentor Law Corp.
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFF/APPELLANT:
    Anthony Stevison

Maurice L. Tynes
Maurice L. Tynes & Associates, PLC
4839 Ihles Road
Lake Charles, LA 70605
(337) 479-1173
COUNSEL FOR DEFENDANTS-APPELLEES:
    Charles St. Dizier, Ltd. and Charles St. Dizier

**COOKS, Judge.**

Plaintiff, Anthony Stevison, appeals the trial court's judgment granting defendant, Charles St. Dizier's, exception of prescription and dismissing Plaintiff's legal malpractice suit. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On January 12, 2003, Plaintiff alleges he was wrongfully arrested by a Lake Charles police officer. During the arrest, Plaintiff asserts he was assaulted and battered by the officer which resulted in severe injuries. Plaintiff engaged Charles St. Dizier to represent him in seeking damages due to the wrongful arrest and battering. St. Dizier agreed to represent Plaintiff and they entered into a contingency fee agreement.

On January 12, 2004, a lawsuit was filed on Plaintiff's behalf by St. Dizier in the Fourteenth Judicial District Court naming the City of Lake Charles, John Ciaramitaro, and Officer X as defendants. Suit was filed in the appropriate venue, but St. Dizier did not request service of process on those defendants and did not do so within the required ninety day time limit for service provided by La.R.S. 13:5107(D). Plaintiff alleged, during the course of his lawsuit, he became frustrated with St. Dizier's representation "due to his failure to do anything in the case and ultimately would not return any of [his] phone calls." Plaintiff terminated St. Dizier and retained Harry K. Burdette to represent him in the matter. On January 17, 2005, Burdette sent a letter to St. Dizier advising him Plaintiff had retained his legal services to represent him in regard to the assault and battery case against the Lake Charles City Police Department. At the same time, Burdette requested a copy of Plaintiff's file from St. Dizier. Three more letters were sent to

St. Dizier requesting the file, before it was finally delivered. However, according to Burdette, the file was not complete and was missing photographs taken of Plaintiff's injuries, which St. Dizier claimed he could not find. On August 26, 2005, Burdette requested service of process on Defendants. Defendants were ultimately served and on October 31, 2005, filed a Declinatory Exception of Insufficiency of Service of Process and Motion to Dismiss, alleging service was not done timely and requesting a dismissal of Plaintiff's petition with prejudice.

Burdette could not specifically state on which date he first read the exception filed by the City of Lake Charles. He asserted it was sometime during the Thanksgiving holidays. He noted that after reading it, he attempted to set up a meeting with Plaintiff. Eventually, Burdette met with Plaintiff on December 9, 2005, to inform him of the proceedings in his case.

Burdette contacted St. Dizier by letter on April 9, 2006 and April 26, 2006, asking St. Dizier to call him as soon as possible to discuss the exception. The April 9, 2006 letter also requested that St. Dizier forward his legal malpractice insurance carrier information in the event the exception was granted, which would likely necessitate a legal malpractice suit. A letter was again mailed to St. Dizier on August 29, 2006. It read in pertinent part:

> I sent you a letter on April 9, 2006 and April 26, 2006 requesting your input on the defendant's Exception. As of this date, I have not received a response. After my thorough review and research, I don't see an argument to defeat the exception. Therefore, I am making demand for you to provide me with your legal malpractice carriers information by September 5, 2006. If I do not receive this information from you by this date, I will regretfully be forced to file a

malpractice claim and proceed accordingly.

Burdette was correct in his belief that the trial court would grant the exception, and Plaintiff's case against the City of Lake Charles was dismissed. Plaintiff then filed a Petition for Damages for Legal Malpractice against St. Dizier on November 30, 2006. An Exception of Prescription was filed by St. Dizier on December 21, 2006 claiming that Plaintiff failed to file his lawsuit for legal malpractice within one year of the date when Plaintiff knew or should have known of the malpractice. Specifically, St. Dizier claimed Plaintiff obtained imputed knowledge of the potential legal malpractice from his attorney when the City of Lake Charles exception was filed and mailed on October 31, 2005. The trial judge agreed and granted the Exception of Prescription. This appeal followed.

## ANALYSIS

The time limits to file legal malpractice actions are set forth in La.R.S. 9:5605, and provide in pertinent part:

A.  No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect , or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to

actions filed within one year from the date of such discovery, in all

events such actions shall be filed at the latest within three years from

the date of the alleged act, omission, or neglect.

A straightforward reading of the statute clearly shows it sets forth two peremptive limits within which to bring a legal malpractice action, namely one year from the date of the alleged act, omission, or neglect or one year from the date of discovery, but not more than three years from the date of the alleged act, omission, or neglect. The issue in this case is whether the suit was filed within one year from the date of the *discovery* of the alleged act, omission or neglect.

St. Dizier argues the filing of the Declinatory Exception of Insufficiency of Service on October 31, 2005 began the one year prescriptive period, as it should have given constructive notice of the potential legal malpractice. However, the record indicates Plaintiff did not become *personally* aware of the filing of this exception until he met with Burdette on December 9, 2005. Plaintiff's malpractice suit was filed on November 30, 2006, nine days prior to the lapse of one year from Plaintiff's *actual* discovery of the alleged act, omission or neglect by St. Dizier. Thus, Plaintiff argues his claim was timely. St. Dizier argued, and the trial court accepted, that when Burdette read the Declinatory Exception of Insufficiency of Service prior to November 30, 2005, he became aware of any potential legal malpractice committed. St. Dizier argued that under Louisiana law, the knowledge held by an attorney can be imputed to his client. Therefore, he contends the November 30, 2006 filing was not timely. Regrettably, we are forced to agree.

The jurisprudence has consistently held that "the knowledge of an attorney, actual or otherwise, is imputed to his or her client." *Andre v. Golden*, 99-689, p. 8 (La.App. 5 Cir. 12/21/99), 750 So.2d 1101, 1104, *writ denied*, 00-174 (La.

3/17/00), 757 So.2d 643. See also: *Reg'l Transit Auth. v. Levey*, 595 So.2d 1255 (La.App. 4 Cir.), *writ denied*, 604 So.2d 996 (La.1992); *Wilco March Buggies & Draglines v. XYZ Ins. Co.*, 520 So.2d 1292 (La.App. 5 Cir.), *writ denied*, 522 So.2d 1094 (La.1988); *Orgeron v. Mine Safety Appliances Co.*, 603 F.Supp. 364 (E.D.La. 1985). Although the result to Plaintiff is undeniably harsh, we are compelled by the jurisprudence to affirm the trial court's grant of St. Dizier's exception of prescription. Clearly, Burdette was alerted to St. Dizier's potential malpractice when he read the Declinatory Exception of Insufficiency of Service of Process and Motion to Dismiss filed on October 31, 2005. Although Burdette argues he was not sure exactly when he read the exception, he stated it was sometime during the Thanksgiving holidays, which would have been prior to November 30, 2005. Therefore, the suit filed on November 30, 2006, was not timely given the imputation of Burdette's knowledge to Plaintiff.[1]

## FRIVOLOUS APPEAL

St. Dizier answered the appeal and requested attorney fees for a frivolous appeal. An appeal is not automatically deemed frivolous simply because it lacks merit. La.Code Civ.P. art. 2164 is penal in nature and must be strictly construed. It provides that an appellate court may award damages for frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. *Gallien v. Winn Dixie*, 96-832 (La.App. 3 Cir. 12/11/96), 685 So.2d 531. We do not find that the present matter meets the requirements of a frivolous appeal, and therefore we decline to award attorney

---

[1] We note that Plaintiff may well have an action in malpractice against Burdette for his failure to timely file the malpractice action against St. Dizier.

fees.  Further, considering the circumstances of this case, particularly noting the substandard performance of St. Dizier in representing Plaintiff, we will not reward St. Dizier by granting an award of attorney fees.

## DECREE

For the foregoing reasons, the judgment is affirmed.  Costs of this appeal are assessed to appellant, Anthony Stevison.

**AFFIRMED.**