NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 11-1517

ECHELON, INC.

VERSUS

JOANNA CASSIDY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NATCHITOCHES CITY COURT
PARISH OF NATCHITOCHES, NO. 25,776-10
HONORABLE FRED SCONYERS GAHAGAN, CITY COURT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard
Ezell, Judges.

**AFFIRMED AS AMENDED.**

Fred L. Herman
1010 Common St., Suite 3000
New Orleans, LA 70112
(504) 581-7068
COUNSEL FOR DEFENDANT/APPELLEE:
    Joanna Cassidy

Billy Lynn West, Jr.
P. O. Box 1033
Natchitoches, LA 71458-1033
(318) 352-7300
COUNSEL FOR PLAINTIFF/ APPELLANT:
    Echelon, Inc.

**Nathan Madro Bandaries**
**P. O. Box 56458**
**New Orleans, LA 70156**
**(504) 924-5776**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**Echelon, Inc.**

**John C. Guillet**
**Corkern, Crews & Guillet**
**P. O. Box 1036**
**Natchitoches, LA 71458-1036**
**(318) 354-1377**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Joanna Cassidy**

**EZELL, Judge.**

The sole issue raised by this appeal is whether the trial court erred in assessing all costs of the litigation to Echelon, Inc. Joanna Cassidy answered the appeal asking for an award of damages for a frivolous appeal.

## FACTS

In May 2009, Joanna Cassidy opened two checking accounts at Hancock Bank of Louisiana. Madro Bandaries was also listed as an authorized signatory on the account. Ms. Cassidy explained that she and Mr. Bandaries were in a relationship for about a year. Ms. Cassidy also stated that Mr. Bandaries was going to match any funds she put in the account to help support her.

On February 22, 2010, a deposit of $1,858.32 was placed into one of the accounts. On May 24, 2010, at Ms. Cassidy's request, a check in the amount of $1,960.35, was issued to Ms. Cassidy, closing out the account.

Echelon filed suit on May 26, 2010, seeking return of the $1,858.32 deposited into Ms. Cassidy's account. Echelon claimed that the deposited funds belonged to it. Echelon was represented by its president, Mr. Bandaries. A trial on the matter was held on September 21, 2010. The trial court ruled that Echelon failed to prove that it owned the funds removed from the bank account and dismissed its petition. Judgment was signed on September 28, 2010. All costs were assessed against Echelon.

Echelon filed a motion for appeal. Ms. Cassidy later sought dismissal of the motion for appeal on the grounds of abandonment. Echelon agreed to dismissal of the appeal, and an order dismissing the appeal was signed on April 20, 2011.

Ms. Cassidy filed a motion and order to tax costs. On May 9, 2011, a judgment assessing costs in the amount of $1017.81 against Echelon was signed. It is from this judgment that Echelon filed the present appeal.

## COSTS

Echelon argues that the trial court abused its discretion in casting it with all court costs. Echelon claims this was error because the filing of the lawsuit by it was necessitated by the actions of Ms. Cassidy.

Louisiana Code of Civil Procedure 1920 provides that court costs shall be paid by the party cast in judgment. However, the trial court is also given the discretion to cast costs against any party as it may consider equitable.

Article 1920 further provides that costs "may be taxed by a rule to show cause."

> Where a judgment on the merits casts one party with the payment of costs, but does not specifically set forth the amount of those costs, the party in whose favor costs are awarded may file a rule to show cause to have the precise amount of costs set and taxed if not agreed upon by the parties.

*Cormier v. Roberson*, 96-1107, p. 6 (La. App. 1 Cir. 3/27/97), 691 So.2d 807, 810.

It is true that a trial court has wide discretion in assessing court costs and in some situations the prevailing party should be cast with costs when the best interest of justice is served. *Courtney v. Winn-Dixie Louisiana, Inc.*, 447 So.2d 504 (La.App. 5 Cir.), *writ denied*, 449 So.2d 1359 (La.1984). "[A] prevailing party may be taxed with costs if that party in some way incurred additional costs pointlessly or engaged in other conduct which would equitable justify the prevailing party being assessed." *Williams v. Wiggins*, 26,060, p. 7 (La.App. 2 Cir. 8/17/94), 641 So.2d 1068, 1074. However, "in the absence of some equitable reason, costs should not be assessed against a wholly prevailing party." *Emoakemeh v. Southern Univ.*, 94-1194, p. 9 (La.App. 1 Cir. 4/7/95), 654 So.2d 474, 479.

Echelon claims that Ms. Cassidy's behavior caused this suit to be filed because she refused to return money she knew did not belong to her. That was the crux of the case in the trial court. The trial court found that Echelon failed to prove that the money was not Ms. Cassidy's. That judgment is final, and the deposited funds belong to Ms. Cassidy. We find that the trial court properly assessed all court costs against Echelon in this case.

**FRIVOLOUS APPEAL**

Ms. Cassidy answered the appeal asking for frivolous appeal damages. Ms. Cassidy argues that Echelon has not presented a substantial legal question and that the sole purpose of the appeal was to delay.

Louisiana Code of Civil Procedure Article 2164 provides that an appellate court may award damages when an appeal is deemed frivolous. In addressing an award of damages for frivolous appeal, this court has stated:

> An appeal is not automatically deemed frivolous simply because it lacks merit. La.Code Civ.P. art. 2164 is penal in nature and must be strictly construed. It provides that an appellate court may award damages for frivolous appeal when there is no serious legal question, when the appeal is taken solely for the purpose of delay, or when it is evident that appellant's counsel does not seriously believe in the position he advocates. *Gallien v. Winn Dixie*, 96–832 (La.App. 3 Cir. 12/11/96), 685 So.2d 531.

*Stevison v. Charles St. Dizier, Ltd.*, 08-887, p. 5 (La.App. 3 Cir. 3/25/09), 9 So.3d 978, 981-82.

No appeal was taken from the judgment holding that Ms. Cassidy was entitled to the funds in her account and that Echelon failed to prove that the funds belonged to it. Yet, on appeal, Echelon argues that Ms. Cassidy should be assessed with costs for failure to return funds she knew did not belong to her. No serious issue was presented by Echelon on this appeal as no legitimate suggestion was offered as to why Ms. Cassidy should be responsible for court costs. Consequently,

3

we find that an award of $2,500.00 in damages for frivolous appeal should be awarded and assessed to Echelon.

For the above reasons, the judgment of the trial court assessing all court costs to Echelon is affirmed. The judgment is amended to provide an award of damages for frivolous damages in the amount of $2,500.00 to Ms. Cassidy and against Echelon. Costs of this appeal are assessed against Echelon.

**AFFIRMED AS AMENDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.