WHIPPLE, C.J.
Un this workers’ compensation matter, the eihployee challenges a judgment of the Office of Workers’ Compensation, which dismissed his claim against his former employer and its workers’ compensation insurer for penalties and attorney’s fees for their failure to timely pay a judgment. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On July 22, 2000, David Garrett was injured while in the course and scope of his employment with K & B Machine Works, Inc. (“K & B”). As a result of his injuries, Garrett underwent a series of medical treatments and then surgery. Garrett filed a claim for workers’ compensation benefits, and K & B’s insurer, Alaska National Insurance Company (“Alaska National”) paid Garrett indemnity benefits until a settlement took place.
In February of 2012, Garrett was in an automobile accident. An x-ray taken after the automobile accident showed that one of the rods placed in Garrett’s back from his prior surgery related to his work injury in 2000 was fractured. Additionally, after the automobile accident, Garrett began to experience a “flare-up” of his prior symptoms and sought treatment from Dr. Ger-vais. Alaska National questioned the effectiveness of the medication prescribed by Dr. Gervais and notified Garrett that it would not pay for the services provided by Dr. Gervais or the prescribed medications. Garrett then filed a disputed claim for compensation.
*1075 Following a trial, the workers’ compensation judge rendered a judgment on .January 6, 2015 in favor of Garrett. In pertinent part, the judgment set forth that Garrett was entitled to all medical treatment and prescription medications requested by Dr. Gervais. The judgment further stated that K & B and Alaska | National were to pay Garrett a total of $23,209.34 for unpaid prescriptions costs, penalties and attorney’s fees, plus judicial interest.
On March 12, 2015, Garrett filed a motion to enforce the judgment, alleging that the amounts awarded in the January 6, 2015 judgment were not paid or were paid untimely. Accordingly, Garrett sought additional penalties and attorney’s fees from K & B and Alaska National, for their failure to timely pay the judgment, pursuant to LSA-R.S. 23:1201(G).
On April 2, 2015, approximately eighty-six days after the judgment was rendered, K & B and Alaska National paid Garrett the remaining amount owed under the January 6,. 2015 judgment. Although the full amount owed under .the judgment was eventually paid, Garrett’s claim for additional penalties and attorney’s fees for failure to timely pay the judgment remained unresolved.
Following a hearing, the workers’ compensation judge issued a judgment on June 11, 2015, denying Garrett’s claim for additional penalties and attorney’s fees, In pertinent part, the judgment stated that the phrase “non-appealable” in LSA-R.S. 23:1201(G) means that the delays for taking a devolutive appeal have elapsed, and thus, the thirty days to pay a judgment pursuant to LSA-R.S. 23:1201(G) begins after the sixty days to take a devolutive appeal have run,- not after the thirty days to take a suspensive appeal have run. (497) Thus, penalties ■ and attorney’s fees were not owed to Garrett because - the judgment was paid within thirty days after it became non-appealable, ie., the judgment was paid on the eighty-sixth day and thus, it was paid within thirty days after the sixty-day delay for taking a devolutive appeal had run.
From this judgment, Garrett appeals, contending that the workers’ compensation judge erred in finding that K & B and Alaska National timely paid the January 6, 2015 judgment. ■ Specifically, Garrett avers that the workers’ | compensation judge’s finding was based on a,flawed interpretation of LSA-R.S. 23:-1201(G) that allows employers/insurers approximately ninety days to pay judgments without penalties, as opposed to. sixty days.
DISCUSSION
Louisiana Revised Statute 23:1201(G), governing penalties for failure to timely pay judgments rendered in a workers’ compensation proceeding, provides as follows:
G. If any award payable under the terms of a final, nonappealable judgment is not paid within thirty days after it becomes due, there shall be added to such award an amount equal to twenty-four percent thereof or one hundred .dollars per day together with reasonable attorney'fees, for each calendar 'day after thirty days it remains unpaid, whichever is greater, which shall be paid at the same time as, and in addition to, such award, unless such nonpayment results from conditions over which the employer had no control. No amount paid as a penalty under this Subsection shall be included in any formula utilized to establish premium -rates for workers’ compensation insurance. The total one hundred dollar per calendar day penalty provided for in this Subsection shall not exceed three thousand dollars in the aggregate. (Emphasis added.)
*1076 At issue herein is whether the term “final, nonappealable judgment,” as stated in LSA-R.S. 23:12Q1(G), means a judgment where the thirty days to take a sus-pensive appeal have run, or a judgment where the sixty days to take a devolutive appeal have run.
In Noveh v. Broadway, 94-2306 (La.App. 1st Cir.6/23/96), 657 So.2d 687, 688, writ denied, 95-1995, 662 So.2d 468, this court addressed this specific issue of statutory interpretation and concluded that “a final non-appealable judgment” for purposes of LSA-R.S.' 23:1201 means one where the delays for taking a devolutive appeal have run. As stated therein:
We find that the term “nonappealable”, as used in LSA-R.S. 23:1201 F, means that the judgment can no longer be appealed, i.e. all of the delays for the taking of an appeal, suspensive or devolu-tive, have run. Because [the employer] paid the compensation benefits owed within thirty days after the deláys for the taking of a devolutive ^appeal had run, the hearing officer correctly determined that [the employer] did not owe any statutory penalties.
Noveh, 657 So.2d at 689.
Since Noveh has not been overturned by our supreme court or reconsidered by this court en banc, we are constrained to follow this court’s prior holding therein. Inasmuch as we are bound by this prior jurisprudence, we are unable to find that, the workers’ compensation judge erred in dismissing Garrett’s claim for penalties and attorney’s fees under LSA-R.S. 23:1201(G), as the judgment was paid eighty-six days after the judgment was rendered, and thus, it was paid within thirty days after the sixty-day delay for taking a devolutive appeal had run.
For the above and foregoing reasons, we hereby affirm the June 11, 2015 judgment of the Office of Workers’ Compensation through this summary opinion in accordance with Rules 2 — 16.2(A)(4), (5), and (6) of the Uniform Rules of the Louisiana Courts of Appeal. All costs of this appeal are assessed to the plaintiff/appellant, David Garrett.
AFFIRMED.
WELCH, J., concurs and assigns reasons.