WELCH, J.,
concurring.
|U agree that under the current state of the law, the majority has correctly noted that the language of La. R.S. 23:1201(G) and this Court’s’ decision in Noveh v. Broadway,657 So.2d 687 (La.App. 1st Cir.6/23/95) allows penalties and attorney fees only after the judgment becomes final and non-appealable (i.e. 'after all suspen-sive and devolutive appeal delays have run.) Notably, nothing in La. R.S. 23:1201(G) prohibits a plaintiff-from executing on any sums awarded in a judgment after suspensive appeal delays have run. I believe the legislature intended- to strike a balance between awarding penalties and attorney fees when a final, non-appealable judgment has not been paid within thirty days of it becoming due versus the plaintiffs ability to collect on the judgment following the expiration of the thirty-day suspensive appeal delay. Had the legislature intended differently, they could have clearly stated that the penalties and attorney fees would be awarded if the judgment was not paid following the running of the suspensive appeal delays. Therefore, the trial court correctly denied the plaintiffs motion and the judgment of the trial court is properly affirmed.
Thus, I respectfully concur.