I! MARVIN, Chief Judge.
This appeal is a sequel to Silk v. Silk, 29,107 (La.App.2d Cir. 4/2/97) (on rehearing), 691 So.2d 97, writ denied, 97-1185 (La.6/20/97), 695 So.2d 1361, a worker’s compensation death benefit action concerning to whom the La. R.S. 23:1231 death benefit should be awarded for the work-related death of Barney Silk on September 29, 1994. The benefit was claimed by the decedent’s mother and by decedent’s widow and five-year-old child.
In that appeal, this court reversed the WCHO’s April 18, 1996 award of the $20,000 lump sum benefit to decedent’s mother and rendered judgment awarding weekly death benefits to the widow and child of the decedent. The widow and child appealed devolu-tively.
While the devolutive appeal of the WCHO’s 1996 decision was pending in this court, the defendant-debtors, the employer and w.c. insurer, sought a protective order from the WCHO allowing them either to withhold payment of the $20,000 death benefit to the mother or to place that amount in the registry of the Office of Workers’ Compensation until the appeal was decided and became definitive. The mother, in turn, moved to enforce payment of the WCHO’s award and to assess statutory penalties and attorney fees against defendants. La. R.S. 23:1201(G).
After a hearing in late 1996, the WCHO denied defendants their requested relief or protection, ordering them to pay the benefit to the mother, and assessed them with penalties and attorney fees. Defendants did not seek our supervisory review or to consolidate and expedite the appeal of the WCHO’s order, but paid the death benefit to the mother and suspensively appealed only that part of the order assessing them with penalties and attorney fees.
In this appeal, we consider the. express wording of the penalty statute in the light of the procedural circumstances occurring while the earlier appeal by the hwidow and child was pending in this court. We conclude that § 1201(G) subjects the employer to a 24 percent penalty and reasonable attorney fees only under circumstances where the employer fails to pay “any award payable under the terms of a final, nonappealable judgment ... within 30 days after it becomes due ... unless such nonpayment results *1177 from conditions over which the employer had no control. ” Our emphasis.
Concluding that the WCHO’s April 18, 1996 award to the mother was not a “final, nonappealable judgment” under the circumstances above summarized and hereafter discussed, particularly because of the devolutive appeal of that judgment by the competing claimants, we reverse in part the order of the WCHO and render judgment rejecting the mother’s demands for penalties and attorney fees.
PREFACE
In assessing penalties, the WCHO reasoned that defendants should have paid the lump sum death benefit to the decedent’s mother within 30 days after the delays for suspensively appealing the April 18, 1996 judgment or ruling in her favor expired without any party having taken a suspensive appeal, notwithstanding that the award to the mother was appealed by the competing claimants, albeit devolutively, on April 29, 1996.
In the WCHO’s view, defendants “[had] the right to suspend the judgment until there’s actually a determination by the Court of Appeal [by filing a suspensive appeal themselves when no other party took that action.] In this situation, [defendants] did not take advantage of that right under law.” Our brackets. Tracking the language of the penalty statute, the WCHO found that the ruling in the mother’s favor became “final and nonappealable” as to the defendants when the suspensive appeal delays expired without a suspensive appeal being taken by any party.
^Defendants have conceded throughout the proceedings that they owe death benefits to one or more of Barney Silk’s surviving relatives, having received claims for benefits from Barney’s mother, from his widow and five-year-old child, and from his 16-year-old son by a previous marriage. The earlier appeal concerned whether the decedent’s mother or his widow and child were entitled to the death benefits.
JUDGMENT TERMINOLOGY
The WCHO’s decision in favor of the mother determined the merits of the case and was clearly within the meaning of a final judgment under La. C.C.P. art. 1841. Having been appealed only devolutively, the award to the mother could be executed• or collected by the mother once the Suspensive appeal delays lapsed, subject to her implied obligation, in the event the judgment in her favor was reversed on appeal, to return to the defendants the proceeds of execution or the voluntary payments made to avoid execution. Orgeron v. Security Industrial Funeral Homes, 96-2127 (La.App. 4th Cir. 2/26/97), 690 So.2d 243; Lisi Realty, Inc. v. Plaisance, 306 So.2d 920 (La.App. 1st Cir.1974), writ denied.
A final judgment which has been only devolutively appealed and which may be provisionally executed while the appeal is pending does not become conclusive of the rights of the parties (or definitive in prior terminology) until the appeal is décided. See generally and compare La. R.S. 13:4231; former La. C.C.P. art. 1842; La. C.C. art. 3506(31). See also Orgeron and Lisi Realty, supra; Walsh Bros. v. Celeron Corp., 501 So.2d 307 (La.App. 3d Cir.1987).
. Under the present res judicata law, La. R.S. 13:4231, a final judgment “is conclusive between the same parties, except on appeal or other direct review-” Our emphasis. The prior law provided that a final judgment became definitive “when it has acquired the authority of the thing adjudged.” Former La. C.C.P. art. |41842, repealed as part of the res judicata revision by Acts 1990, No. 521. The term thing adjudged is defined in La. C.C. art. 3506(31):
Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.
Unfortunately, the penal statute at issue here, as enacted in 1983 and amended thereafter, uses somewhat different terminology when speaking of a “final, nonap- *1178 pealable” judgment. Together this term describes the former definitive and now the conclusive judgment. The statutory language is to be interpreted according to the fair and reasonable import of its words taken in their usual sense within the context of both the particular provision and the statutory framework as a whole. La. R.S. 1:3-4; State Dept. of Social Services v. Parker, 595 So.2d 815 (La.App. 2d Cir.1992). Being penal in nature, § 1201(G) is to be strictly construed in favor of the party against whom sanctions are sought. Davis v. Jones Baldwin Music Co., 27,545 (La.App.2d Cir. 11/1/95), 662 So.2d 803; Owen v. Dept. of Public Safety, 25,402 (La.App.2d Cir. 1/19/94), 631 So.2d 32.
DISCUSSION
Defendants do not dispute that the WCHO’s judgment in the mother’s favor was final and was subject to being executed, albeit provisionally, during the pendency of the widow’s devolutive appeal. They argue, however, that the assessment of penalties under § 1201(G) is explicitly premised on the failure to pay benefits “payable under the terms of a final, nonappealable judgment.” They contend the judgment in the mother’s favor could not reasonably be regarded as nonap-pealable once the correctness of that ruling was challenged by the competing claimants, whether by a suspensive or a devolutive appeal.
The WCHO interpreted the term nonap-pealable rather narrowly, effectively construing it to mean either “a judgment which has not been suspensively appealed |5by any party,” or perhaps “a judgment which has not been suspensively appealed by the party against whom sanctions are sought.” On the face of § 1201(G), however, the term nonap-pealable is not ambiguous, nor is it qualified by reference to which party has or has not sought what type of appeal. In the present context, it is reasonable to construe the term nonappealable to mean either that the judgment has not been timely appealed by any party, or that an appeal, either suspensive or devolutive, has been taken and the rights of the parties have been conclusively determined by the reviewing court or courts. See and compare Noveh v. Broadway, Inc., 94-2306 (La.App. 1st Cir. 6/23/95), 657 So.2d 687, writ denied.
In Noveh, the court construed the term nonappealable in the same penalty statute (then designated as § 1201(F)) to mean “that the judgment can no longer be appealed [in any manner, in that] all of the delays for the taking of an appeal, suspensive or devolutive, have run.” 94-2306 at p. 3, 657 So.2d at 689; our brackets. Affirming the hearing officer’s denial of penalties and attorney fees against a defendant who paid benefits within 30 days after the delays for taking an appeal of either type passed with no appeal having been filed by any party, Noveh rejected the contention that the defendant was subject to sanctions for having failed to pay the judgment within 30 days after the suspensive appeal delays expired.
See also and compare Walsh Bros. v. Celeron Corp., cited supra:
Since the effects of [the tidal court’s] judgment [denying enforcement of a gas purchase contract] have not been suspended by the plaintiffs perfecting a suspensive appeal, while the case is pending on a devolutive appeal, the parties to the litigation act at their own risk [in reliance on the judgment]. Until all appeals are finished, there has not been a definitive final end to the litigation.
501 So.2d at 308. Our emphasis and brackets.
CONCLUSION
Under the circumstances of this case, the decedent’s mother was entitled to provisionally execute or collect the final judgment in her favor while the widow’s |6devolutive appeal of the judgment was pending, subject to the mother’s implied obligation to return any payments she received in the event the judgment was reversed, as it ultimately was.
The April 1996 award to the mother, however, having been appealed in some manner by a claimant adverse to the mother, did not become a nonappealable judgment within the meaning of § 1201(G) until that appeal was decided by this court and defendants’ writ application to the supreme court was *1179 denied in June 1997. Defendants’ failure to pay benefits to the mother within 30 days after expiration of the delays for suspensively appealing the April 1996 ruling is .not legally sanctionable under § 1201(G).
DECREE
Reversing the awards to Vera Silk of statutory penalties of 24 percent of $20,000 and $750 in attorney fees, we render judgment dismissing her claim for sanctions against the defendants, Michael Silk and Louisiana Workers’ Compensation Corporation, with prejudice. Costs of this appeal are assessed to the appellee, Vera Silk.
REVERSED AND RENDERED.