STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 14-871


MARK EDWARDS

VERSUS

SOUTHEASTERN FREIGHT LINES, INC.



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 13-00259
SAM L. LOWERY, WORKERS COMPENSATION JUDGE

**********

JIMMIE C. PETERS

JUDGE

**********

Court composed of Judges Jimmie C. Peters, James T. Genovese, and John E. Conery.


MOTION TO DISMISS APPEAL DENIED.



James Edward Burks
Attorney at Law
Post Office Box 16067
Lake Charles, LA 70616
(337) 474-6106
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mark Edwards

John Joseph Rabalais
Rabalais, Unland & Lorio
200 Caroline Court
Covington, LA 70433
(985) 893-9900
COUNSEL FOR DEFENDANT/APPELLEE:
    Southeastern Freight Lines, Inc.

Michelle A. Breaux
Attorney at Law
Post Office Box 747
Lake Charles, LA 70602
(337) 493-8442
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mark Edwards

David Paul Bruchhaus
Mudd & Bruchhaus
410 E. College Street
Lake Charles, LA 70605
(337) 562-2327
COUNSEL FOR PLAINTIFF/APPELLANT:
    Mark Edwards

**PETERS, Judge.**

The defendant in this workers' compensation litigation, Southeastern Freight Lines, Inc., moves to dismiss the appeal taken in this case by the plaintiff, Mark Edwards. For the following reasons, we deny the motion to dismiss the appeal.

Mr. Edwards filed the instant workers' compensation claim against Southeastern Freight Lines, Inc. (Southeastern) asserting that he sustained an injury to his back and legs on October 24, 2012, while moving a piece of steel during the course of his employment with Southeastern. As a result of the accident, Southeastern's workers' compensation carrier paid temporary total disability benefits to Mr. Edwards and authorized medical treatment. Subsequently, Southeastern filed a motion for summary judgment seeking termination of his benefits and reimbursement for benefits previously paid to Mr. Edwards. In its motion, Southeastern asserted that pursuant to La.R.S. 23:1208, Mr. Edwards had forfeited his right to receive workers' compensation benefits because he had made misrepresentations regarding his history of prior accidents, injuries, and workers' compensation claims. Also, Southeastern filed a reconventional demand seeking restitution for workers' compensation benefits paid to Mr. Edwards, as well as costs and attorney's fees. Following a hearing, the workers' compensation judge (WCJ) granted Southeastern's motion and dismissed Mr. Edwards' suit based on the court's finding that Mr. Edwards had violated La.R.S. 23:1208. The WCJ signed a judgment to that effect on November 6, 2013, and notice of judgment was mailed on November 14, 2013.

On November 8, 2013, Mr. Edwards filed a motion to clarify the judgment wherein he sought to have the WCJ specify the particular section of La.R.S. 23:1208 he was found to have violated. He followed this motion by filing a

motion for new trial on November 19, 2013. On May 8, 2014, the WCJ signed a judgment denying both of Mr. Edwards' motions. The notice of judgment was mailed on May 15, 2014, and on June 30, 2014, Mr. Edwards filed a motion for appeal. The WCJ granted the appeal by an order signed on July 2, 2014.

The appeal record was lodged in this court on August 22, 2014, and in his appeal, Mr. Edwards specifically states that he seeks to appeal the WCJ's May 8, 2014 judgment. In its motion to dismiss the appeal, Southeastern asserts that the May 8, 2014 judgment is a non-appealable, interlocutory judgment which is only subject to appellate review via an application for supervisory writs and, therefore, should be dismissed. Southeastern has also filed an answer to the instant appeal, arguing therein that if, and only if, the underlying judgment of November 6, 2013, is determined to be the subject of this appeal, then that judgment should be amended to provide Southeastern with a reimbursement award for Mr. Edwards having fraudulently received workers' compensation benefits.

In considering Southeastern's motion, we first note that La.Code Civ.P. art. 2083(C) provides that "[a]n interlocutory judgment is appealable only when expressly provided by law." Additionally, the ruling denying the motion for clarification of the November 6, 2013 judgment is an interlocutory judgment because it does not decide the merits of the litigation. *See* La.Code Civ.P. art. 1841. Furthermore, a judgment denying a motion for new trial is an interlocutory judgment. *McClure v. City of Pineville*, 05-1460 (La.App. 3 Cir. 12/6/06), 944 So.2d 805, *writ denied*, 07-0043 (La. 3/9/07), 949 So.2d 446. Finally, Mr. Edwards has not asserted any express provision of the law that would cause him to be able to maintain an appeal on the May 8, 2014 as allowed by La.Code Civ.P. art. 2083(C).

2

However, while we recognize that Mr. Edwards' motion for appeal expressly states that he seeks to appeal the May 8, 2014 judgment, we also note that in cases in which the motion for appeal states that the appeal is being taken only from the judgment on a motion for new trial but the appellant exhibits the intent to appeal the judgment on the merits, this court has held that the appeal can, nonetheless, be considered as an appeal of the judgment on the merits. *McClure,* 944 So.2d 805; *Thompson v. Nationwide Mut. Ins. Co.*, 95-258 (La.App. 3 Cir. 10/4/95), 663 So.2d 191. In the instant case, Mr. Edwards raises arguments in his appellate brief which demonstrate that the judgment he actually seeks to have this court review is the judgment of November 6, 2013. Inasmuch as Mr. Edwards has demonstrated his intent to appeal the underlying summary judgment granted on the merits of the case, we find that the appeal should be considered as an appeal of that judgment. Therefore, we deny Southeastern's motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED.**