# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## WCA 18-990


**JUNIUS ROBINSON**

**VERSUS**

**CAPITAL STAFFING, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 3
PARISH OF CALCASIEU, NO. 15-06229
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN D. SAUNDERS

## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy H. Ezell and Jonathan W. Perry, Judges.


**MOTION TO DISMISS APPEAL DENIED.**


**Michael Benny Miller**
**Jacqueline K. Becker**
**Miller & Associates**
**Post Office Drawer 1630**
**Crowley, LA 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Junius Robinson**

**Errol J. King, Jr.**
**Eric Edward Pope**
**Brett W. Tweedel**
**Blue Williams, L.L.P.**
**3421 North Causeway Boulevard, Suite 900**
**Metairie, LA 70002**
**(504) 831-4091**
**COUNSEL FOR DEFENDANT/INTERVENOR/APPELLEE:**
      **Southeast Personnel Leasing, Inc.**

**SAUNDERS, Judge.**

On January 2, 2019, the Defendant-Appellee, Southeast Personnel Leasing, Inc. (Southeast), filed a Motion to Dismiss the instant appeal of the denial of a motion for new trial. Southeast contends that the denial of a motion for new trial is an interlocutory judgment which is not appealable. For the following reasons, we deny the motion to dismiss the appeal.

On October 2, 2015, the Plaintiff-Appellant, Junius Robinson, filed the instant workers' compensation claim against Louisiana Rice Mill, Inc. and Capital Staffing, asserting that he sustained an injury to his back on September 4, 2015, while acting within the course and scope of his employment. These two Defendants denied employing Robinson. Southeast intervened and stipulated that it was considered Robinson's employer at the time of the alleged accident for the purpose of paying workers' compensation benefits.

As a result of the accident, Southeast issued indemnity benefits to Robinson. Soon thereafter, Southeast scheduled an appointment for Robinson to be examined by Dr. Harold Granger on November 30, 2015. When Robinson missed the appointment and the rescheduled appointment for January 11, 2016, Southeast suspended his indemnity benefits. The benefits were reinstated on approximately April 14, 2016, after Robinson was examined by Dr. Granger. Robinson subsequently sought penalties and attorney fees in June 2016 for the suspension of his benefits. The Workers' Compensation Judge (OCJ) found that Southeast violated the workers' compensation law by suspending Robinson's benefits without first obtaining an order compelling his attendance at the medical examination. Robinson was awarded $8,000 in penalties and $6,000 in attorney fees. On appeal, the ruling was reversed, with all costs assessed to Robinson. *Robinson v. Capital Staffing*, 17-114 (La.App. 3 Cir. 10/18/17), 230 So.3d. 643.

On April 5, 2018, Southeast filed a Motion to Enforce Judgment, seeking an order from the Office of Workers' Compensation (OWC) to enforce this court's appellate decision. Southeast stated therein that it had paid the OWC's judgment in full, including the amount of the suspended benefits with interest but had not received Robinson's payment following amicable and written demand. In response, Robinson filed an Exception of Res Judicata, wherein he asserted that Southeast never requested this court to allow Southeast reimbursement of any funds paid towards the penalties and attorney fees in the judgment. On June 11, 2018, the OWC granted the motion to enforce the judgment as to the repayment of penalties and attorney fees and ordered Robinson to repay Southeast $8,027.10. Also, Robinson's weekly indemnity payments were reduced by fifty percent, until such time as the full amount has been repaid to Southeast. Robinson's counsel was ordered to repay Southeast $6,020.33 in a lump sum payment. Lastly, Robinson's exception of res judicata was denied. Robinson filed a Motion and Order for New Trial on July 21, 2018, which was denied following a hearing on August 9, 2018.

Southeast correctly asserts that a judgment denying a motion for new trial is an interlocutory order and is normally not appealable. *See* La.Code Civ.P. art. 2083(C). However, in *Edwards v. Southeastern Freight Lines, Inc.*, 14-871 (La.App. 3 Cir. 10/15/14), 149 So.3d 1020, 1021, we stated:

> [I]n cases in which the motion for appeal states that the appeal is being taken only from the judgment on a motion for new trial[,] but the appellant exhibits the intent to appeal the judgment on the merits, this court has held that the appeal can, nonetheless, be considered as an appeal of the judgment on the merits. *McClure* [*v. City of Pineville*, 05-1460 (La.App. 3 Cir. 12/6/06)], 944 So.2d 805, [*writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446]; *Thompson v. Nationwide Mut. Ins. Co.*, 95-258 (La.App. 3 Cir. 10/4/95), 663 So.2d 191.

In this case, it is clear from Robinson's assignments of error that he seeks to appeal the judgment of June 11, 2018, which granted Southeast's motion to enforce the judgment, denied Robinson's exception of res judicata, and ordered Robinson to

repay Southeast by reducing his indemnity benefits by fifty percent. In as much as Robinson has demonstrated his intent to appeal the underlying judgment, we find that the appeal should be considered as an appeal of that judgment. Therefore, we deny Southeast's motion to dismiss the appeal.

**MOTION TO DISMISS APPEAL DENIED.**