STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 18-990


JUNIUS ROBINSON

VERSUS

CAPITAL STAFFING SERVICES, INC., ET AL.



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 3
PARISH OF CALCASIEU, NO. 15-06229
CHARLOTTE A. L. BUSHNELL, WORKERS' COMPENSATION JUDGE

**********

JOHN E. CONERY
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.


AFFIRMED IN PART; REVERSED IN PART; SANCTIONS IMPOSED.

**Michael B. Miller**
**Jacqueline K. Becker**
**Miller & Associates**
**Post Office Drawer 1630**
**Crowley, Louisiana 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Junius Robinson**

**Errol J. King, Jr.**
**Eric E. Pope**
**Brett W. Tweedel**
**Pamela N. Molnar**
**Blue Williams, L.L.P.**
**3421 North Causeway Boulevard, Suite 900**
**Metairie, Louisiana 70002**
**(504) 831-4091**
**COUNSEL FOR INTERVENOR/APPELLEE:**
     **South East Personnel Leasing, Inc.**

**CONERY, Judge.**

This case has a long and twisted procedural history. It is once again before this court on an appeal by the claimant, Mr. Junius Robinson, of the Workers' Compensation Judge's (WCJ) June 11, 2018 judgment granting Mr. Robinson's employer, South East Personnel Leasing, Inc.'s motion to enforce a judgment issued by this court in the case of *Robinson v. Capital Staffing*, 17-114 (La.App. 3 Cir. 10/18/17), 230 So.3d 643 (*Robinson* I). For the following reasons, we affirm in part, reverse in part, and impose sanctions.

### FACTS AND PROCEDURAL HISTORY

On October 2, 2015, Mr. Robinson filed an LDOL 1008 claim seeking workers' compensation indemnity benefits, alleging he was injured while in the course and scope of his employment. Once his employer situation was resolved, he began to receive indemnity benefits from his employer South East, who assumed the defense in this case.

After South East began paying workers' compensation indemnity benefits to Mr. Robinson, it scheduled a November 30, 2015 appointment for him to be examined by Dr. Harold Granger. Mr. Robinson missed the appointment, and it was rescheduled by South East for January 11, 2016. Mr. Robinson arrived at Dr. Granger's office more than forty-five minutes late and was informed that Dr. Granger had left for the day. Based on Mr. Robinson's failure to attend the second appointment with Dr. Granger, South East suspended Mr. Robinson's indemnity benefits pursuant to La.R.S. 23:1124 and La.R.S. 23:1201.1(A)(4) and (5).[1] Ultimately, after Mr. Robinson was finally examined by Dr. Granger, South East

---

[1] The panel in *Robinson* I engaged in an extensive discussion of the requirements of La.R.S. 23:1124 and La.R.S. 23:1201.1(A)(4) and (5). La.R.S. 23:1201.1(A)(4), discussed infra.

reinstated Mr. Robinson's indemnity benefits on approximately April 14, 2016. The amount of the suspended indemnity benefits totaled $5,133.26.

In June 2016, Mr. Robinson filed a motion seeking penalties and attorney fees for South East's suspension of his indemnity benefits. After a hearing, the WCJ found that South East had violated the workers' compensation law by failing to first obtain an order compelling his attendance at the medical examinations with Dr. Granger. The WCJ issued a judgment awarding Mr. Robinson $8,000 in penalties and $6,000 in attorney fees.

South East filed a writ application with this court challenging the WCJ's ruling. Another panel of this court concluded that the WCJ's judgment was a final and appealable judgment and converted the writ application to an appeal. *See Robinson v. Capital Staffing*, 16-829 (La.App. 3 Cir. 12/1/16) (unpublished writ decision.)

On appeal, a panel of this court in *Robinson* I reversed the ruling of the WCJ and found that the notice to Mr. Robinson's counsel by facsimile of the termination of his indemnity benefits for failure to attend a scheduled medical appointment was sufficient to satisfy the requirements of La.R.S. 23:1201.1(A)(4) and (5) as required by Section 1124. The court stated, "Having determined that South East complied with the requirements of La.R.S. 23:1124 and La.R.S. 23:1201.1(4) and (5) when it suspended Mr. Robinson's [indemnity] benefits, we reverse the WCJ's awards of penalties and attorney fees." *Robinson* I, 230 So.3d at 650-51. All costs were assessed to Mr. Robinson.

Meanwhile, shortly before the panel in *Robinson* I decided the case, South East paid the penalties and attorney fees with interest to Mr. Robinson as had been

ordered by the WCJ's judgment.[2] The payment of the amounts owed during the devolutive appeal was not communicated to the panel in *Robinson* I, which issued its opinion on October 18, 2017. Mr. Robinson sought rehearing of the October 18, 2017 appellate ruling in *Robinson* I, which was denied by that panel on December 6, 2017. Mr. Robinson did not apply for writs to the supreme court, and the *Robinson* I ruling became final on December 6, 2017.

Mr. Robinson and his attorney, Mr. Michael Miller, did not refund the penalties and attorney fees pursuant to the panel's ruling in *Robinson* I. Nor did they refund the Temporary Total Disability (TTD) benefits South East had paid to Mr. Robinson. On April 5, 2018, South East filed a Motion to Enforce Judgment, seeking an order from the Office of Workers' Compensation to enforce this court's appellate ruling in *Robinson* I. South East claimed it had paid the WCJ's judgment in full, including the penalties, attorney fees, and the amount of suspended benefits with interest, but had not received Mr. Robinson's reimbursement payment after amicable written demand. In response, Mr. Robinson filed an exception of res judicata wherein he asserted South East never requested any reimbursement of the funds paid toward the penalties and attorney fees paid by South East while the case was on appeal in *Robinson* I.

After a hearing, on May 23, 2018, the WCJ issued a judgment dated June 11, 2018, which denied Mr. Robinson's exception of res judicata and granted South East's motion to enforce judgment for the repayment of the penalties and attorney fees. The WCJ ordered Mr. Robinson to repay the penalties to South East in the

---

[2] The record includes two checks dated October 3, 2016 to Junius Robertson in the amount of $8,037.10 and to Michael Miller, Attorney at Law, in the amount of $6,020.23, from Lion Insurance Company.

amount of $8,027.10. At Mr. Robinson's counsel's request, the parties stipulated in open court and the WCJ ordered the $8,027.10 in penalties would be paid by a reduction of fifty percent of Mr. Robinson's weekly indemnity benefits until the entire sum had been paid. Counsel for South East asked the WCJ if "The attorney fees will be repaid in a lump sum?" To which counsel for Mr. Robinson, Mr. Miller replied, "**I'm going to pay that in a lump sum, Judge.**" (Emphasis added.) Counsel for South East was ordered by the WCJ to prepare a judgment ordering Mr. Robinson to repay the penalties of $8,027.10 by reducing his weekly indemnity benefits by fifty percent, and ordering Mr. Miller to repay the attorney fees of $6,020.33 to South East in a lump sum payment. When questioned about the "issue of the TTD benefits," the WCJ responded, "That's not before the Court today." Therefore, no ruling on the issue of TTD benefits was included in the June 11, 2018 judgment.

On June 21, 2018, Mr. Robinson filed a Motion and Order for New Trial. Following a July 23, 2018 hearing, the WCJ denied the motion on August 9, 2018. The WCJ also denied South East's motion for sanctions, but its succinct ruling contained no analysis, findings, or reasons. Mr. Robinson then filed an appeal of the WCJ's judgment denying a new trial. South East responded by filing a motion to dismiss Mr. Robinson's appeal of the denial of a new trial on the basis that a judgment denying a new trial is interlocutory, and not normally appealable

In *Robinson v. Capital Staffing*, 18-990 (La.App. 3 Cir. 3/27/19), 269 So.3d 823 (*Robinson* II), another panel of this court denied South East's motion to dismiss the appeal. The panel agreed with South East "that a judgment denying a motion for new trial is an interlocutory order and is normally not appealable." *Id.* at 825. However, the *Robinson* II panel quoted *Edwards v. Southeastern Freight*

4

*Lines, Inc.*, 14-871, p. 3 (La.App. 3 Cir. 10/15/14), 149 So.3d 1020, 1021, and

stated:

> [I]n cases in which the motion for appeal states that the appeal is being taken only from the judgment on a motion for new trial[,] but the appellant exhibits the intent to appeal the judgment on the merits, this court has held that the appeal can, nonetheless, be considered as an appeal of the judgment on the merits. *McClure* [*v. City of Pineville*, 05-1460 (La.App. 3 Cir. 12/6/06) ], 944 So.2d 805, [*writ denied*, 07-43 (La. 3/9/07), 949 So.2d 446]; *Thompson v. Nationwide Mut. Ins. Co.*, 95-258 (La.App. 3 Cir. 10/4/95), 663 So.2d 191.

*Robinson* II, 269 So.3d at 825.

The court in *Robinson* II further found that:

> In this case, it is clear from Mr. Robinson's assignments of error that he seeks to appeal the judgment of June 11, 2018, which granted [South East's] motion to enforce judgment, denied Robinson's exception of res judicata and ordered Robinson to repay [South East] by reducing his indemnity benefits by fifty percent. In as much as Robinson has demonstrated his intent to appeal the underlying judgment, we find that the appeal should be considered as an appeal of that judgment. Therefore, we deny [South East's] motion to dismiss the appeal.

*Id.*

South East filed an Answer to Mr. Robinson's appeal seeking the imposition of sanctions based on Mr. Robinson's allegedly frivolous motion for a new trial pursuant to La.Code Civ.P. art. 863(B)(1), which was denied by the WCJ in its August 9, 2018 judgment at issue in *Robinson* II.

The panel in *Robinson* II did not address South East's request for sanctions for Mr. Robinson's frivolous appeal, pursuant to La.Code Civ.P. art. 863(B)(1), or the WCJ's denial of his motion for new trial, but instead converted the entire case to an appeal of the June 11, 2018 judgment. As such South East continues to assign as error in the matter now before this court that the WCJ failed to award sanctions based on Mr. Robinson's filing of a meritless motion for new trial.

5

## ASSIGNMENTS OF ERROR ON APPEAL

Mr. Robinson filed the following assignments of error on appeal:

1.) The workers' compensation judge erred in ordering Junius Robinson to repay his employer by reducing his indemnity benefits by 50%.

2.) It was error to deny Junius Robinson['s] exception of res judicata.

South East filed the following assignments of error on appeal:

1. The denial of a motion for new trial and the denial of an exception of res judicata are non-appealable non-final interlocutory judgments.[3]

2. The trial court erred in failing to award sanctions against Appellant for filing a meritless motion for new trial.

## LAW AND DISCUSSION

### *Standard of Review*

In this case, Mr. Robinson has raised the res judicata effect of the prior judgment in *Robinson* I, which is a question of law that is reviewed on appeal *de novo*. *Fogleman v. Meaux Surface Prot., Inc.*, 10-1210 (La.App. 3 Cir. 3/9/11), 58 So.3d 1057, *writ denied*, 11-712 (La. 5/27/11), 63 So.3d 995.

### *Denial of the Exception of Res Judicata*

Louisiana Revised Statutes 13:4231 governs the application of res judicata and provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction extinguished and merged in the judgment.

---

[3] These issues were addressed in *Robinson* II.

6

(2)    If the judgment is in favor of the defendant, **all causes of action at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.**

(3)    **A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.**

(Emphasis added.)

The burden of proving the facts essential to sustaining the exception of res judicata is on the party pleading the objection, in this case Mr. Robinson. *Palermo v. Century Indem. Co*., 17-825 (La.App. 3 Cir. 5/23/18), 248 So.3d 462.

Mr. Robinson argues that South East had the opportunity to inform the appellate panel in *Robinson* I that the amount of penalties and attorney fees with interest awarded by the WCJ had been paid prior to the ruling of this court issued on October 18, 2017.  Further, he argues that there is no language in the *Robinson* I ruling that **specifically required** the repayment of the amounts paid by South East. Accordingly, he argues that res judicata prevents South East from seeking to enforce the judgment in *Robinson* I.

For the reasons stated on the record after a hearing held on May 23, 2018, the WCJ did not agree, as she overruled Mr. Robinson's exception of res judicata and stated:

As to the motion to enforce judgment, the judgment of this court was reversed by the 3rd Circuit Court of Appeal.  On page 11, the 3rd Circuit Court of Appeal said, "having determined that South East complied with the requirements of R.S. 23:1124 and 23:1201.1[4] and [5] when it suspended Mr. Robinson's benefits, we reverse[] the workers' compensation -- the WCJ's award of penalties and attorney fees."  Therefore, as it relates to penalties and attorney fees, the motion to enforce judgment is granted.

7

In *Silk v. Silk*, 29,864 (La.App. 2 Cir. 9/24/97), 699 So.2d 1175, the court discussed the meaning of a final judgment defined in La.Code Civ.P. art. 1841 as "[a] judgment that determines the merits in whole or in part." In this case, as in *Silk*, the judgment of the WCJ was only devolutively appealed and subject to execution once the suspensive delays lapsed. The *Silk* court stated that should the claimant choose to collect on the judgment, it would be "subject to her implied obligation, in the event the judgment in her favor was reversed on appeal, to return to the defendants the proceeds of execution or the voluntary payments made to avoid execution." *Id.* at 1177 (citations omitted). Further, "[a] final judgment which has been only devolutively appealed and which may be provisionally executed while the appeal is pending does not become *conclusive* of the rights of the parties (or *definitive* in prior terminology) until the appeal is decided." *Id.* As previously stated, Mr. Robinson did not file a writ with the supreme court after this court's ruling in *Robinson* I, which then became final and "*conclusive* of the rights of the parties." We therefore find that the WCJ did not err in denying Mr. Robinson's exception of res judicata and in granting South East's motion to enforce this court's judgment in *Robinson* I.

### *Reduction of Indemnity Benefits*

Mr. Robinson now makes the disingenuous argument that the WCJ erred in ordering him to repay South East the amount of the penalty award of $8,027.10 by "reducing his indemnity benefits by 50%."

At the time the WCJ issued its ruling at the hearing on the exception, **counsel for Mr. Robinson requested in open court that his client be allowed to repay the amount owed of $8,027.10 by "giving up half of his weekly checks."** After a discussion off the record, the WCJ stated, "I think the parties have agreed

8

that the repayment will be made – I will let you all indicate how the repayments will be made."

Counsel for Mr. Robinson, Mr. Miller, then stated on the record that the amount would be paid "by reducing his weekly compensation benefits by 50 percent until the entirety is paid." Counsel for South East agreed, and the WCJ "[S]o ordered." Accordingly, Mr. Robinson's first assignment of error has no merit, as the parties stipulated to the manner of repayment of the penalties to South East by Mr. Robinson.

Mr. Robinson's counsel, Mr. Miller, also stipulated in open court that he would pay back the attorney fees, and stated "I'm going to pay that in a lump sum, Judge." When questioned about this stipulation at oral argument, Mr. Miller had the temerity to state that he meant only that he would repay the attorney fees he received subject to his right to further contest the issue on appeal. The record is notably silent as to such a reservation of rights

Finally, we note that counsel for Mr. Robinson also contended in brief and oral argument in this case that La.R.S. 23:1206 was applicable, and that under that statute, South East was not entitled to recover the penalties and attorney fees awarded by this court in *Robinson* I. Mr. Miller had argued that issue at the hearing on Mr. Robinson's motion for new trial, but the WCJ correctly found it was not applicable. We agree that La.R.S. 23:1206 is not applicable to this case.

The statute provides as follows, "Any **voluntary payment** or unearned wages paid by the employer or insurer either in money or otherwise, to the employee or dependent, and accepted by the employee, which were not due and payable when made, may be deducted from the payments to be made as compensation." La.R.S. 23:1206 (emphasis added). The payments made by South

9

East in this case were hardly "voluntary," as the payments were due as a result of the WCJ's judgment and no suspensive appeal had been filed. Louisiana Revised Statutes 23:1206 would apply to an overpayment of TTD benefits and the ability of an employer to recover TTD benefits. The WCJ in its June 11, 2018 judgment clearly stated that TTD payments were not before the court at that hearing, stating "no ruling was made as to the TTD payment as the Court did not find that issue to be before the Court."

The WCJ was correct in ruling that La.R.S. 23:1206 has no application to the issues presently before this court involving the enforcement of a final judgment. In *Shatoska v. International Grain Transfer, Inc.*, 634 So.2d 897 (La.App. 1 Cir. 1993), both the appellants and the appellee argued that La.R.S. 23:1206 applied. However, the court in *Shatoska*, found that La.R.S. 23:1206 and the cases interpreting it were inapplicable to the facts of that case and stated:

> This statute provides for deductions from benefits for *"voluntary"* payments made by an employer or insurer, when such payments "were not due and payable when made." This statute is designed to reimburse an employer (or insurer) who makes *voluntary* payments, overpayments or wages equal to or exceeding the amount of compensation after an accident, prior to a judicial determination of disability. . . . The payments made to the plaintiff by Rockwood were not "voluntary payments" within the contemplation of the statute; they were made pursuant to a judicial order. The fact that a technical error caused the payments to be made in excess of that ordered does not bring such payments within the scope of this statute.

*Id.* at 899.

### South East's Request for Repayment of TTD Benefits

In a colloquy with the WCJ after the parties stipulated to the manner of repayment of the penalties and attorney fees to South East, counsel for South East raised the issue of the repayment of the "TTD benefits" paid in error to Mr. Robinson. The WCJ responded, "That's not before the court today." The June 11,

2018 judgment stated: "[N]o ruling was made as to the TTD payments as the Court did not find that that issue to be before the Court."

In its original appellee brief, South East discusses the issue of the repayment of the TTD benefits paid to Mr. Robinson for South East's termination of his indemnity benefits as a result of his failure to keep his appointments with Dr. Granger. South East asks this court to reverse the WCJ's June 18, 2018 judgment and grant the repayment to South East of $5,133.62 in TTD benefits.

However, South East did not file a separate appeal of the WCJ's June 18, 2018 judgment, as to this issue. The WCJ found the issue of the TTD benefits was not before the court. Nor did South East raise that issue in its answer to the appeal of Mr. Robinson. In a case such as this, we find that La.Code Civ.P. art. 2133(A) controls:

> An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer.

The Louisiana Supreme Court in *Matthews v. Consolidated Companies, Inc*, 95-1925, pp. 1-2 (La. 12/8/95), 664 So.2d 1191, 1191-92 (citations omitted), discussed the application of La.Code Civ.P. art. 2133 and stated:

> Since only plaintiff appealed, and defendants did not appeal or answer plaintiff's appeal, the total amount of damages awarded by the jury to plaintiff cannot be reduced by the appellate court because to so do would result in a modification in favor of the non-appealing defendant, contrary to Louisiana law. La.CCP art. 2133 . . . . While a defendant who has not appealed or answered the appeal and who did not seek modification, revision or reversal of that judgment may assert in support of that judgment any argument supported by the

11

record under La.CCP art. 2133, he may not obtain a modification of the judgment without appealing or answering the appeal.

The WCJ's June 11, 2018 judgment at issue granted only a part of the relief sought by South East, the repayment of the penalties and attorney fees paid to Mr. Robinson and his counsel while the case was on appeal before this court. Accordingly, the WCJ intentionally did not address the issue of the repayment of the TTD benefits improperly received by Mr. Robinson. Without a separate appeal or answer to the appeal of Mr. Robinson by South East requesting that portion of the WCJ's June 18, 2018 judgment on the issue of the TTD benefits be reversed, this court finds it is without jurisdiction to review or grant South East's requested relief, as that issue must first be raised in a filing by South East with the WCJ.

### *South East's Request for Sanctions*

We find that when the judgment of this court in *Robinson* I became final on December 6, 2017, Mr. Robinson and his attorney had a legal obligation to return the awards previously made by the WCJ based on the court's final ruling reversing those awards for penalties and attorney fees in *Robinson* I. Louisiana Civil Code Article 2299 states, "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." Though the language of the panel's opinion in *Robinson* I did not include a direct order to return monies prematurely paid as a result of the WCJ's overturned judgment, the effect of the *Robinson* I final judgment created a legal obligation to do so on the part of both Mr. Robinson and especially his attorney, who well understood the legal effects of the panel's *Robinson* I opinion. *Silk*, 699 So.2d 1175; *Shatoska,* 634 So.2d 897.

There certainly should have been no need for South East to have to file a

"Motion To Enforce Judgment" before the WCJ. Instead in response, Mr. Robinson's counsel, still resisting the final judgment of this court in *Robinson* I, filed an exception of res judicata with the WCJ, prompting yet another hearing. The WCJ entered its June 11, 2018 judgment in favor of South East ordering Mr. Robinson and his attorney to return the monies previously paid by South East, and even accepted Mr. Miller's stipulation that the penalties owed be repaid over time by reducing Mr. Robinson's indemnity benefits by half until repaid and the stipulation that Mr. Miller would repay the attorney fees.

In response to the June 11, 2018 judgment, Mr. Robinson's counsel then filed a motion for a new trial. South East responded by filing a motion for sanctions pursuant to La.Code Civ.P. art. 863(B)(1). That Article states in pertinent part:

> B.    Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1)    The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2)    Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> (3)    Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (4)    Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.

The WCJ promptly denied Mr. Robinson's motion for new trial. The WCJ denied South East's requested sanctions, but stated no reasons for doing so. Instead of complying with the judgment and stipulations as to repayment of penalties and attorney fees, Mr. Robinson and his attorney then filed an appeal of the denial by the WCJ of his motion for a new trial. South East filed a motion to dismiss the appeal

The appeal of the motion for new trial by Mr. Robinson resulted in a ruling by this court in *Robinson* II wherein another panel of this court denied South East's motion to dismiss Mr. Robinson's appeal of the denial of a new trial, but only because it found it was interlocutory. The panel found instead that Mr. Robinson intended to also appeal the judgment on the merits dated, June 11, 2018, and ordered that an appeal order be issued. The appeal allowed by *Robinson* II, based on the WCJ's June 11, 2018 judgment in favor of South East and the denial of Mr. Robinson and Mr. Miller's motion for new trial, is now before this court yet again.

Therefore, based on a full record review and the facts as found above, we find that the WCJ abused her discretion by failing to award sanctions. We reverse that finding and find that the refusal by Mr. Robinson and his counsel, Mr. Miller, to abide by the stipulated judgment entered at the hearing on January 11, 2018 is in direct violation of La.Code Civ.P. art. 863(B)(1)-(4). These sanctions are warranted based on the continued refusal of Mr. Miller, as counsel for Mr. Robinson, to return the penalties and attorney fees that were due and owing from December 6, 2017, when the *Robinson* I panel's opinion became a final judgment, in spite of his stipulation in open court before the WCJ that he would do so. Further, the award of sanctions to South East, pursuant to La.Code Civ.P. art. 863(D), is a result of Mr. Miller's continued filing of pleadings which this court

14

finds were presented for the "improper purpose" of "harassing," causing "unnecessary delay," and needlessly increasing "the cost of litigation." La.Code Civ.P. art. 863(B)(1).

Based on the filing of the motion for new trial and later appeal of the denial of the motion for new trial by Mr. Miller, we hereby award sanctions representing our calculation of reasonable attorney fees based on our record review as requested by South East against Mr. Miller personally and fix that sum at $7,500.00. La.Code Civ.P. art. 863(B)(1)-(4); La.Code Civ.P. art. 863(D); La.Code Civ.P. art. 2164;[4] *Blanchet v. Boudreaux*, 15-60 (La.App. 3 Cir. 8/19/15), 175 So.3d 460, *writ denied*, 15-2156 (La. 1/25/16), 185 So.3d 749; *Mendonca v. Tidewater, Inc.*, 11-318 (La.App. 4 Cir. 9/7/11), 73 So.3d 407, *writ denied*, 11-2333 (La. 12/2/11), 76 So.3d 1179.

## CONCLUSION

After a thorough *de novo* review of the record, and for the foregoing reasons, we affirm the June 11, 2018 ruling of the Workers' Compensation Judge. We further affirm the Workers' Compensation Judge's August 9, 2018 ruling in its denial of the Motion for New trial.

This time LET US BE CLEAR. As soon as this judgment becomes final, it is Ordered, Adjudged and Decreed that Mr. Junius Robinson is hereby ordered to pay unto South East Personnel Leasing, Inc., the sum of $8,037.10, plus legal interest from December 6, 2017, the date of the final judgment in *Robinson* I,

---

[4] Louisiana Code of Civil Procedure Article 2164 provides:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

payable by forfeiting fifty percent of his weekly indemnity benefits until paid. It is further hereby Ordered, Adjudged and Decreed that Mr. Michael Miller is hereby ordered to pay unto South East Personnel Leasing, Inc. the sum of $6,020.33, plus legal interest from December 6, 2017, the date of the final judgment in *Robinson* I.

For the foregoing reasons, we further reverse the Workers' Compensation Judge's August 9, 2018 ruling to the extent it denied sanctions to South East Personnel Leasing, Inc. and hereby impose sanctions against Mr. Michael Miller in the sum of $7,500.00. It is further Ordered, Adjusted and Decreed that Mr. Michael Miller shall pay unto South East Personnel Leasing, Inc. the sum of $7,500.00, legal interest from December 6, 2017, the date of the final judgment in *Robinson* I, and the costs of the Motion for New Trial below, as well as all costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; SANCTIONS IMPOSED.**